**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-23-00941-001-TUC-SHR (LCK) |
|---|---|
| Plaintiff, | **Order Accepting R&R Re: Defendant's Motion to Suppress (Doc. 39)** |
| v. | |
| Zackery Allen McKenzie, | |
| Defendant. | |

Pending before the Court is a Report and Recommendation ("R&R") (Doc. 39) issued by United States Magistrate Judge Lynnette C. Kimmins recommending the Court deny Defendant's Motion to Suppress (Doc. 22). Defendant filed an Objection (Doc. 43). For the reasons below, the R&R is accepted over Defendant's Objection.

## I.  STANDARD OF REVIEW

When reviewing a magistrate judge's R&R, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). However, objections to R&Rs "are not to be construed as a second opportunity to present the arguments already considered by the Magistrate Judge." *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp.2d 32, 34 (D.P.R. 2004); *see also Camardo v. Gen. Motors Hourly-Rate Emps.*

*Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("The purpose of the Federal Magistrates Act is to relieve courts of unnecessary work" and "[t]here is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge." (citation omitted)).

## II.   BACKGROUND

The Court adopts the following unobjected-to facts as set forth in the R&R:

> On June 2, 2023, agents with Customs and Border Protection became suspicious of a white Chrysler 200 traveling south on State Route (SR) 286. At approximately 5:23 p.m., agents at the SR 286 checkpoint (located at Mile Post (MP) 22) conducted a record check of the vehicle's license plate and issued a "be on the lookout" notice for the vehicle regarding suspected transportation of illegal aliens.
>
> At approximately 5:35 p.m., agents located near MP 12 (10 miles from the checkpoint) indicated the Chrysler had passed their location. Later, other agents advised that they observed the vehicle traveling northbound from MP 2. At approximately 6:00 p.m., Border Patrol Agent (BPA) Weber was monitoring traffic while parked at MP 9 on SR 286. He observed the white Chrysler 200 pass his location traveling northbound and noticed multiple people in the backseat wearing camouflage. BPA Weber pulled out behind the Chrysler. At that time, [United States Fish and Wildlife Service (FWS)] Officer Taylor Amos was parked at MP 11. As the Chrysler passed Officer Amos's location, he pulled out behind the car. FWS Officer Amos was communicating with BPA Weber over the radio. Officer Amos indicated he was going to make a traffic stop due to the Chrysler driving over the posted speed limit. Officer Amos activated his emergency equipment and stopped the Chrysler at approximately MP 12. After the stop, FWS Officer Amos and BPA Weber discovered five illegal aliens in the rear seat of the vehicle. Defendant McKenzie, who was driving the vehicle, and his front seat passenger, Defendant Miguel Ortiz Jr., were arrested for conspiracy to transport illegal aliens, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(A)(v)(I), and 1324(a)(1)(B)(i). (Doc. 1.) On June 29, 2023, both defendants were indicted for the conspiracy charge as well as three counts for transportation of illegal aliens for profit. (Doc. 26.)
>
> At the evidentiary hearing, FWS Officer Amos testified

>that he had been with the FWS for 10 years, spending the last 4 years in law enforcement. (RT at 9.)[1] Officer Amos testified that he stopped Defendant McKenzie for traveling 9 miles per hour (mph) over the speed limit, specifically 64 mph in a posted 55 mph speed limit area. (RT at 10.) The stop occurred at MP 12 on SR 286, which is an Arizona State Highway located within the Buenos Aires National Wildlife Refuge. (RT at 8,14; Doc. 22, Ex. A.)  After visually observing Defendant McKenzie traveling over the posted speed limit and confirming his observations with radar, FWS Officer Amos stopped Defendant McKenzie, pursuant to 50 C.F.R. § 27.31, and gave him a warning for the violation. (RT at 10, 19.) FWS Officer Amos has stopped and cited other individuals for speeding on SR 286 within the Buenos Aires Wildlife Refuge, pursuant to 50 C.F.R. § 27.31, and has appeared in the U.S. District Court, District of Arizona, for these citations. (RT at 10-11, 14-15, 20.)  The Central Violations Bureau is responsible for processing such federal citations.[2]
>
>    FWS Officer Amos admits that, at the time he stopped Defendant McKenzie, no fish or wildlife were being affected or endangered by his speeding. (RT at 11.) However, Officer Amos stated that based on his training and experience, including his involvement in wildlife collision investigations, he has seen wildlife endangered by drivers speeding on the refuge. (RT at 15-16, 18.)

(Doc. 39 at 2–3.)

In June 2023, Defendant filed a motion to suppress all evidence collected after the traffic stop because the stop "violated [his] Fourth Amendment rights to be free from unreasonable searches and seizures." (Doc. 22 at 5.)  Specifically, Defendant argued Federal Wildlife Officer Amos had no authority to conduct a traffic stop for speeding. (*Id.*)

After an evidentiary hearing on the motion (Doc. 33), Judge Kimmins issued her R&R recommending the Court deny Defendant's Motion to Suppress because Defendant conceded the vehicle was within the boundary of the National Wildlife Refuge when it was stopped and Officer Amos "is an authorized federal law enforcement officer responsible for enforcing federal regulations on the national wildlife refuge."  (Doc. 39 at 5.)

---

[1] "RT" refers to the Reporter's Transcript of the July 19, 2023, hearing. (Doc. 36.)
[2] *See* www.azd.uscourts.gov/cvb/central-violations-bureau.

- 3 -

Specifically, Judge Kimmins found Officer Amos had authority to stop Defendant for driving above the posted speed limit pursuant to 50 C.F.R. § 27.31(a) and (d). (*Id.* at 5–9.) Judge Kimmins also found Officer Amos had reasonable suspicion to conduct a traffic stop. (*Id.* at 9.)

Defendant filed an Objection seemingly arguing Judge Kimmins erroneously concluded a federal wildlife officer has the legal authority to enforce a traffic stop on a state highway simply because it is within the boundary of a federal wildlife refuge. (Doc. 43.) Defendant mainly argues Officer Amos had no authority to conduct the traffic stop for speeding in this case because Defendant never entered federal land—he just drove through "land owned, operated, maintained, and governed by the State of Arizona." (*Id.* at 3.)

The Government filed a Response arguing Defendant "raises no claim that the magistrate judge misapplied any legal standard" and simply "reiterates" arguments. (Doc. 44.)

### III. LEGAL STANDARD

The Secretary of the Interior and the Secretary of Commerce are authorized to designate law enforcement officials who can "search, seize, arrest, and exercise any other law enforcement functions or authorities under Federal laws relating to fish and wildlife." 16 U.S.C. § 742*l*(b)(3). With respect to the National Wildlife Refuge System, "[a]ny person authorized by the Secretary to enforce the provisions of this Act or any regulations issued thereunder, may, without a warrant, arrest any person violating this Act or regulations in his presence or view." 16 U.S.C. § 668dd(g).

The National Wildlife Refuge System is regulated under Title 50 of the Code of Federal Regulations (CFR), which includes specific duties and responsibilities delegated to FWS and its officers. Section 27.31 of this title governs FWS's authority over vehicles traveling in a national wildlife refuge. A person may not drive over 25 mph, "except as otherwise legally posted," in a national wildlife refuge. 50 C.F.R. § 27.31(d). If there is no applicable CFR related to the regulation of traffic and operation of vehicles, the

corresponding State's laws are applicable and "made part of the regulations." 50 C.F.R. § 27.31(a).³ The purpose of this enforcement authority "is to protect fish and wildlife and their habitat and prevent their disturbance, to protect Service lands, property, facilities, or interests therein, and to insure the safety of the using public to the fullest degree possible." 50 C.F.R. § 28.21. That enforcement is pursuant to federal, state, and local laws and regulations. *Id.*

## IV. ANALYSIS

Here, Defendant seems to largely repeat the arguments made to Judge Kimmins which defeats the purpose of an R&R objection. *See Camardo*, 806 F. Supp. at 382. Nonetheless, the Court will explain why it agrees with Judge Kimmins's analysis on Officer Amos's authority.

Defendant claims the CFR does not apply because the stop occurred on a state highway, yet he fails to cite any authority for this proposition. The Court is unpersuaded by this argument. Because the state highway is within the boundary of the Buenos Aires National Wildlife Refuge, the CFR applies. *See* 50 C.F.R. § 27.31(a), (d). Therefore, Judge Kimmins did not err in finding Officer Amos had authority to stop Defendant McKenzie for driving above the posted speed limit and Defendant has not proven a constitutional violation occurred.

Accordingly,

**IT IS ORDERED** Magistrate Judge Lynnette C. Kimmins's R&R (Doc. 39) is **ACCEPTED** in its entirety.

. . . .

. . . .

. . . .

---

³Under Arizona law, "a person shall not drive a motor vehicle at a speed in excess of the posted speed limit" if the maximum speed limit on a public highway in Arizona is at least thirty miles per hour (mph) in an area that is outside of an urbanized area (or forty mph in an urbanized area). *See* A.R.S. § 28-702.01.

1 **IT IS FURTHER ORDERED** Defendant's Motion to Suppress (Doc. 22) is
2 **DENIED**.
3         Dated this 5th day of December, 2023.

Honorable Scott H. Rash
United States District Judge